UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMAR RICKS,<br><br>　　　Plaintiff,<br><br>V.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, INC.<br><br>　　　Defendant. | COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Tamar Ricks, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, hereby files this Complaint for Damages against Defendant Wells Fargo ("Defendant"), and states as follows:

### I. JURISDICTION AND VENUE

1.　This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq. ("Section 1981").

2.　Venue is proper in this Court because the employment practices forming the basis of this action were undertaken within the Atlanta Division of the Northern

District of Georgia.

## II. PARTIES

3. Plaintiff is a citizen of the United States and a resident of Georgia.

4. Defendant is a global business that has offices within and does business within the State of Georgia.

5. Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

6. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

10. Plaintiff is African American.

11. Defendant is aware of Plaintiff's race because Plaintiff primarily worked in person at one of Defendant's offices.

12. Plaintiff was employed by Defendant from July 2015, to June 4, 2019.

13. At all times relevant to this Complaint, Ms. Ricks was employed for Defendant as a Service Manager.

14. At all times relevant to this Complaint, Plaintiff was supervised by Mr. Clint Sells.

15. In or around November 2018, Plaintiff reversed an overdraft fee for a customer following an inquiry and request.

16. Plaintiff followed Defendant's protocols when executing the fee reversal.

17. Upon information and belief, the transaction was flagged due to the account allegedly being accessed without the customer present.

18. This matter was brought to the attention of Plaintiff and Mr. Sells.

19. Following a review of the transaction, no issues were found.

20. In or around December 2018, Plaintiff opened an account for the same customer she executed the aforementioned fee reversal for.

21. On or about April 3, 2019, Plaintiff opened another account for the aforementioned customer.

22. An anonymous employee complaint was filed against Plaintiff after she opened the account on April 3, 2019.

23. The complaint alleged Plaintiff performed maintenance transactions on an account for a customer Plaintiff had a personal relationship with.

24. Plaintiff had no such relationship with the customer at the time the account was opened.

25. Defendant launched an investigation into Plaintiff's actions once the employee complaint was received.

26. On or about May 21, 2019, Plaintiff took part in a phone interview with Defendant's investigator, Ms. Meredith Jurithan.

27. Ms. Jurithan told Plaintiff that any transactions prior to April 2019 on the account would not be an issue.

28. Plaintiff was terminated on June 4, 2019, by Mr. Sells.

29. Mr. Sells informed Plaintiff that she was terminated for violating a conflict of interest policy.

30. Upon information and belief, Defendant has no such conflict of interest policy.

31. Upon information and belief, similarly-situated Caucasian employees who opened accounts for people with whom they had a personal relationship were not terminated.

32. In or around July 2019, Plaintiff requested an investigative review of the reason for her termination.

33. Plaintiff was informed she was terminated for violating Defendant's Information Security Policy and Code of Ethics by pulling accounts without the customer present.

34. Upon information and belief, similarly-situated Caucasian employees who pulled accounts without the customer present were not terminated.

## IV. CLAIMS FOR RELIEF

## COUNT I: SECTION 1981 DISCRIMINATION

35. Plaintiff reasserts and incorporates Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Plaintiff is a member of a protected class by virtue of her race. *Para. 10.*

37. Plaintiff was qualified for the position at issue. *Para. 12.*

38. Plaintiff suffered the adverse action of termination. *Para. 28.*

39. The treatment of similarly-situated Caucasian employees of Defendant, versus that of Plaintiff, provides evidence of discriminatory animus. *Paras. 31, 34.*

40. Defendant's business reasons for its actions are pretextual because Defendant did not have a conflict of interest policy that barred Plaintiff's actions. *Para. 30.*

41. Defendant's business reasons for its actions are pretextual because Plainitff's alleged violation of Defendant's Information Security Policy and Code of Ethics was unsubstantiated. *Para. 27.*

42. Defendant's business reasons for its actions are pretextual because similarly-situated Caucasian employees who pulled accounts without the customer present were not terminated. *Para. 34.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with Section 1981; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 14th of September, 2021.

                              THE KIRBY G. SMITH LAW FIRM, LLC
                                      s/ Paige M. Kovalchik
                              Paige M. Kovalchik
                              Georgia Bar No. 991875
                              Kirby G. Smith
                              Georgia Bar No. 250119
                              *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
pmk@kirbygsmith.com
kgs@kirbygsmith.com

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 14th of September 2021.

        THE KIRBY G. SMITH LAW FIRM, LLC

         s/ Paige M. Kovalchik
_____Paige M. Kovalchik
        Georgia Bar No. 991875
        Kirby G. Smith
        Georgia Bar No. 250119
        *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
pmk@kirbygsmith.com
kgs@kirbygsmith.com

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(B).

Respectfully submitted this 14th of September, 2021.

                        THE KIRBY G. SMITH LAW FIRM, LLC

                         s/ Paige M. Kovalchik
                        Paige M. Kovalchik
                        Georgia Bar No. 991875
                        Kirby G. Smith
                        Georgia Bar No. 250119
                        *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
pmk@kirbygsmith.com
kgs@kirbygsmith.com